IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| BILLY M. WALKER, | ) | |
| Register No. 530886, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-4222-CV-C-SOW |
| | ) | |
| TANYA KEMPKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In support of his claims for damages, plaintiff states defendants retaliated against him for filing complaints regarding reduction in library hours. Plaintiff states defendant Kempker made verbal threats that if plaintiff did not drop his complaint against her regarding library hours, and if he did not stop helping other inmates with their legal problems, she would have him locked down in segregation. Plaintiff states he was subsequently issued a false conduct violation and assigned to segregation. Plaintiff states such conduct violation was not supported by any evidence and, as a result, his conduct violation was later expunged. Plaintiff believes defendants were responsible for having the conduct violation issued.

On November 1, 2004, defendants filed a motion for summary judgment. Plaintiff responded on November 22, 2004. Defendants filed a reply on January 20, 2005, and plaintiff filed a supplemental response on January 31, 2005.

Defendants argue that plaintiff cannot establish a connection between the issuance of the conduct violation and his IRR filed concerning reduction in law library hours. Defendants further argue there is no evidence they were involved in determining the merits

of the conduct violation issued against plaintiff.  Defendants argue there is no evidence defendants retaliated against plaintiff for filing an IRR as to reduction in law library hours.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial.  *Celotex*, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989). If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

The issue in this case is whether plaintiff was issued a conduct violation and assigned to segregation in retaliation for plaintiff filing an IRR against defendant Kempker regarding reduction in library hours.

The filing of a false disciplinary charge against an inmate is actionable under 42 U.S.C. § 1983 if done in retaliation for the inmate's filing of a grievance.  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).  To prevail on a retaliation claim, an inmate must prove that he would not have been issued the conduct violation but for defendants'

2

retaliation. *See Goff v. Burton*, 91 F.3d 1188 (8th Cir. 1996) (to prevail on retaliation claim that he was transferred in retaliation for the exercise of a constitutional right, a prisoner must prove that but for his legal actions against the prison, he would not have been transferred). *See also Foster v. Delo*, 130 F.3d 307 (8th Cir. 1997) (inmate must produce evidence that defendant's actions would not have occurred but for the motive or retaliation for inmate's filing of numerous lawsuits against prison officials). Proof of an independent injury is not required where an inmate proves that the false disciplinary charge was filed against him in retaliation for filing a grievance. *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998). However, "[i]f the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995). *See also Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir. 1990) ("no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner is not entitled to perform").

In the instant case, there is no dispute of material fact that plaintiff filed an IRR on February 15, 2002, against defendant Tanya Kempker regarding reduction in the hours of operation in the law library. There is also no dispute of material fact that plaintiff did not have direct contact with any of the defendants between February 15 and May 2, 2002, when plaintiff was removed from the law library pending an investigation into four knives said to have been found in the law library. There is also no dispute of material fact that nondefendant Ortable was the investigator assigned to investigate the Rule #3 conduct violation filed against plaintiff for possession of dangerous contraband. There is no dispute of material fact that Ortable found plaintiff guilty of such violation.

Nevertheless, in viewing all the facts in a light most favorable to plaintiff, and giving the benefit of all reasonable inferences drawn from the facts, the court finds that, based upon the evidence submitted by plaintiff in his affidavit and verified complaint, *see Roberson v. Hayti Police Dept.*, 241 F.3d 992, 994 (8th Cir. 2001) (plaintiff's verified complaint equivalent of affidavit for summary judgment purposes), there are genuine disputes of material fact as to whether defendant Tanya Kempker, and the other defendants were involved in the issuance of the conduct violation against plaintiff, and whether such conduct

3

violation, which was subsequently expunged, was issued in retaliation for plaintiff's filing of an IRR against Tanya Kempker regarding reduction in law library hours.

Plaintiff states in his verified complaint and in pleadings filed in response to defendants' motion for summary judgment that defendant Tanya Kempker, on February 15, 2002, in response to the IRR filed against her regarding reduction in library hours, advised plaintiff that if he did not stop helping people with their legal problems and drop the complaints against her, she would have him locked down in segregation. Plaintiff further states that between April 1 and 25, 2002, he spoke with Caseworkers JoAnn Prater and John Niefeld on numerous occasions concerning Tanya Kempker reducing the law library hours. Plaintiff states Caseworkers Prater and Niefeld informed him he was to stop doing other prisoners' legal work, thus allowing him more time to prepare his own legal materials. Plaintiff states he did not agree with this and advised defendants Prater and Niefeld that his position as inmate counsel substitute (law clerk) required him to help other inmates. Plaintiff states Prater told him that his job was not to prepare other inmates' legal materials, but rather, to hand the inmate the book that they might need and nothing else. Plaintiff states Caseworker Niefeld advised that he would speak with Ms. Kempker and Dave Dormire on the issue. Plaintiff states Caseworker Niefeld subsequently told him that Mr. Dormire had responded, stating it was up to Tanya Kempker, and that Tanya Kempker was going to leave the hours as is, no matter what, and that plaintiff's job as an inmate counsel substitute was to hand the inmates the books they needed and lead them in the right direction, and that was all. *See* Defendants' Motion For Summary Judgment, Exh. B, Deposition of Billy Walker. Plaintiff's statements indicate he responded to Caseworker Niefeld's information by stating he believed the actions in reducing the law library hours and the restrictions on how plaintiff, an inmate counsel substitute, could assist other inmates with their legal needs, was in violation of inmates' constitutional rights. Plaintiff further advised Niefeld that he was going to "file against them all for this." Plaintiff states he prepared an IRR on the issue, as well as a follow-up grievance on Tanya Kempker's rejection of his February 15, 2002, IRR. However, plaintiff states he was never able to file them. Plaintiff states he was unable to file such IRR and grievance due to being ordered out of the law library on May 2, 2004, per an alleged investigation. Plaintiff states the IRR and

4

Grievance were on his desk in the law library, and he was subsequently denied access to such materials.

Plaintiff's statements provide that on May 2, 2002, he was placed in a holding cell next to the caseworker's office pending an apparent investigation into four knives found in the law library. Plaintiff states that while he was in the holding cell, Caseworker Prater came by the holding cell and advised plaintiff, "you were warned." Plaintiff further states Tanya Kempker and her husband, Major Dwayne Kempker, also came by his holding cell and Tanya Kempker pointed at plaintiff and stated, "[t]hat's him." Plaintiff states he asked what that meant, but that she and Major Kempker refused to respond. Subsequently, plaintiff states he was advised by Sgt. Sutton that Major Kempker had ordered plaintiff into administrative segregation. Finally, plaintiff states that when he inquired as to his legal materials he had left in the law library, he was advised by Sgt. Sutton that, per Tanya Kempker, he was not to have anything legal or otherwise.

On May 3, 2002, plaintiff was issued a major conduct violation for possession of dangerous contraband. Such conduct violation was issued by defendants Lt. Corum and Lt. Robert Malone. At such time, plaintiff was advised he could call three witnesses. Plaintiff provided the names of Rick Brown, Jamie Jessup and Robert Snyder.

On May 9, 2002, Marion Ortable came to plaintiff's administrative segregation cell to team plaintiff as to his major conduct violation. Plaintiff states defendant Ortable stated she had taken the three witnesses' statements and that, pursuant to such statements and those of staff, she found plaintiff guilty of the conduct violation. Plaintiff states Ortable refused to allow him to see the three witnesses' statements, stating that such statements were confidential.

On May 14, 2002, plaintiff states he was taken before the Administrative Segregation Committee, which advised him he was being held in administrative segregation per orders of defendant Arthur Woods, Associate Superintendent. On June 6, 2002, plaintiff states he was again taken before the Administrative Segregation Committee and was advised by nondefendant Turner that he had been found guilty of the conduct violation (Rule #3) and that he was under investigation per orders of defendant Arthur Woods. Plaintiff states he subsequently remained in administrative segregation until approximately March 20, 2003, at

5

which time his Rule #3 conduct violation was expunged by Assistant Director of the Department of Corrections, Brian Goecke. Plaintiff's Rule #3 conduct violation was expunged pursuant to an investigation that found there was insufficient evidence to support the violation. Plaintiff provides evidence via affidavit from named witness Richard (Rick) Brown which states that Richard Brown did not implicate plaintiff as to the Rule #3 dangerous contraband rules violation.

Defendants have offered no evidence or statements that plaintiff's conduct violation was issued for an actual violation of prison rules. Therefore, in viewing the evidence, including that provided in plaintiff's verified complaint and in pleadings filed in response to defendants' motion for summary judgment, in the light most favorable to plaintiff, the court finds plaintiff has provided sufficient evidence from which a reasonable jury could infer that defendants were involved in the Rule #3 conduct violation issued against plaintiff, and that, but for the motive of retaliation, plaintiff would not have been issued the Rule #3 conduct violation. *Cf. Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (inmate did not allege sufficient facts from which a retaliation animus could be inferred). Defendants' motion for summary judgment should be denied.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be denied [50].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 23rd day of March, 2005, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge